NO









NO. 12-04-00084-CV

 

                 IN
THE COURT OF APPEALS

 

      TWELFTH COURT OF
APPEALS DISTRICT

 

                           TYLER, TEXAS

 

 

FIDELITY
AND GUARANTY 

INSURANCE CO.,                                           '     APPEAL FROM THE
145TH

APPELLANT

 

V.                                                                         '     JUDICIAL DISTRICT
COURT OF

 

DREWERY
CONSTRUCTION CO., INC.,

APPELLEE                                                       '     NACOGDOCHES
COUNTY, TEXAS

 





                                                     MEMORANDUM
OPINION

On January 7, 2004, the trial court granted a default
judgment against Appellant Fidelity & Guaranty Insurance Company.  On March 12, 2004,
Appellant filed a motion for new trial, which was denied by order signed on
March 19, 2004. On March 22, 2004,
Appellant filed a notice of appeal from the default judgment.








On March 29, 2004, this Court notified Appellant, pursuant
to rule of appellate procedure 42.3, that its notice of appeal was not timely
filed and there was no timely motion for extension of time to file the notice
as permitted by rule of appellate procedure 26.3.  Appellant was further notified that the
appeal would be dismissed unless, on or before April 8, 2004, the information
was amended to show the jurisdiction of this Court.  In response to our letter, Appellant informed
us that it did not receive notice of the signing of the default judgment until
more than twenty days after the judgment was signed.  Appellant further informed us that it had
filed a motion pursuant to rule of civil procedure 306(a)(5)
to establish the operative date of the judgment.  However, Appellant stated that the trial court
did not sign a written order, as required by rule of appellate procedure
4.2(c), finding the date when Appellant or Appellant=s attorney first either received notice or acquired actual
knowledge that the judgment was signed. 
Accordingly, we abate the appeal and remand the cause for a hearing to
provide Appellant an opportunity to obtain the requisite finding and order.

The parties= attorneys are directed to contact the trial court
coordinator to set the hearing date and to notify all parties and the court
reporter of such date.  The hearing shall
be set for a date no later than sixty days from the date of this opinion.  The trial court coordinator shall advise the
Clerk of this Court of the hearing date as soon as it is set.

The trial judge shall have a court reporter record the
hearing and shall make findings of fact and conclusions of law.  A supplemental record from the hearing and the
trial judge=s findings and conclusions shall be sent to this Court no
later than fifteen days after the date of the hearing.  No later than the date for filing the
reporter=s record, the clerk of the trial court shall file a
supplemental record including the trial court=s order finding the date of notice.

The appeal is abated, treated as a closed case, and removed
from this Court=s active docket.  The
appeal will be reinstated when the supplemental record, the trial judge=s findings of fact and conclusions of law, and the order are
filed here.  

Appeal abated.

     SAM GRIFFITH    

  Justice

 

Opinion delivered May 12, 2004.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

                                                                     (PUBLISH)